IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NICHOLAS PAVLE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST BASIN CREDIT UNION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ CASE NO. MO-11-CV-053<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Nicholas Pavle opposes Defendant's Motion to Dismiss ("Motion"). Defendant sets forth three arguments in support of its Motion: first, that the class definition is defective; second, that Plaintiff has not adequately pled numerosity; and, third, that Plaintiff has not adequately pled that common questions of law and fact predominate. These contentions are meritless.[1] Plaintiff's Amended Complaint presents a clearly ascertainable class and Plaintiff has adequately pled the numerosity requirement of Federal Rule 23(a) and the predominance requirement of Rule 23(b)(3). Defendant's Motion should be denied.

### I.    LEGAL STANDARD

Defendant's Motion, brought under Federal Rule 12(b)(6), requests that the Court deny class certification based solely on the allegations contained in the Amended Complaint. Although class certification is typically considered after some discovery, courts

---

[1] Although Plaintiff's initial pleading was sufficient to set forth the requirements of Federal Rule of Civil Procedure 23, Plaintiff filed an Amended Complaint on July 12, 2011, bolstering its allegations.

that have considered motions requesting consideration of class allegations based on the pleadings alone have sometimes construed them under the standards governing motions to dismiss for failure to state a claim and have applied the standard of Federal Rule 12(b)(6).[2] *See, e.g., Walls v. Wells Fargo Bank, N.A. (In re Walls)*, 262 B.R. 519, 524 (E.D. Cal. 2001) ("... the motion to deny class certification, having been brought prior to any discovery, should be construed according to the same legal standards as a motion to dismiss under Rule 12"). Under this standard, the "well-pleaded" allegations of the complaint are accepted as true and read in a light favorable to the plaintiff, and the class allegations will only be dismissed if the proposed class cannot be certified as a matter of law. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The Supreme Court of the United States, shortly after its decision in *Bell Atlantic Corp*, reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89 (2007). Accordingly, to survive a motion to dismiss, Plaintiff's class action allegations must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp*, 550 U.S. at 570.

Motions to dismiss are generally "viewed with disfavor and [are] rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of plaintiff. *Capital Parks, Inc. v. Southeastern Adver.*

---

[2] Although Defendant is correct that class allegations are sometimes subject to motion to dismiss under Federal Rule 12(b)(6), Defendant's sole citation in support of this point was not such a case. *See Batsakis v. Federal Deposit Insurance Corp.*, 670 F.Supp. 749 (W.D. Mi. 1987). In *Batsakis*, the district court denied a Rule 12(f) motion to strike class allegations. *Id.* at 757-58.

*and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994).  If the Court determines, in the light most favorable to the plaintiff, that the complaint states valid claims for relief, the motion to dismiss must be denied.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

## II.   PLAINTIFF'S CLASS DEFINITION IS SUFFICIENT UNDER RULE 23.

Defendant's first contention, that Plaintiff's class definition "is defective because it is defined in terms of liability and therefore cannot be presently ascertained[,]" attempts to create a legal defect where none exists.[3]  (Motion, p. 5.)  Plaintiff's Amended Complaint states that Plaintiff seeks to represent a class defined as follows:

> All persons who, during the year preceding the filing of Plaintiff's complaint, made an [electronic fund transfer] at Defendant's ATM located at 713 N. Golder, Odessa, Texas, or at Defendant's ATM located at 3316 N. Midland Drive, Midland, Texas, and were charged a "terminal owner fee" in connection with the transaction.

(Amended Complaint, ¶ 20.)  Defendant's contention, that the proposed class definition requires an inquiry into the merits of Plaintiffs' case, centers on the fact that one aspect of the class definition overlaps with one requirement of liability under the statute on which Plaintiff's claim is based.  Specifically, 15 U.S.C. § 1693m imposes liability for the imposition of a fee in connection with an electronic fund transfer where the statutory notice of the fee is not provided.  *See* 15 U.S.C. § 1693m (2011) (imposing liability for violations of 15 U.S.C. § 1693b(d)(3)(C)).  Defendant argues that, because Plaintiff seeks to represent a class of persons who were charged a fee by Defendant in connection with electronic fund transfers, and because such a charge is one element of liability under the applicable statute, the class

---

[3]   To the extent that Defendant's Motion argues that Plaintiffs' class definition includes as an element the failure to provide the statutorily required notice, that portion of the class definition was removed in the Amended Complaint.

definition "require[s] a merits based determination to establish class membership" and is, therefore, defective as a matter of law. (Motion, p. 5.)

Defendant's argument misconstrues both the law and the proposed class definition. The Fifth Circuit Court of Appeals has noted that class determinations often involve "considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Regents of Univ. of California v. Credit Suisse First Boston (USA), Inc.*, 482 F.3d 372, 380-81 (5th Cir. 2007) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)). Although the Court is not to consider the legal or factual merits of a case in considering class certification, it "may address arguments that implicate the merits of plaintiffs' cause of action insofar as those arguments also implicate the merits of the class certification decision." *Id.* at 380.

More importantly, however, Plaintiff's proposed class definition does not require an inquiry into the merits of each putative class member's claim. Plaintiff's class definition requires only two factual prerequisites: first, that the putative class member made an electronic fund transfer and, second, that Defendant charged the putative class member a fee in connection with that transfer. Put another way, the putative class consists of all persons who are not banking customers of Defendant who made an electronic fund transfer at one of the two enumerated ATMs. Other district courts have recognized that such class definitions are appropriate in EFTA class actions. *See, e.g., Burns v. First Am. Bank*, No. 04 C 7682, 2006 WL 3754820, at * 1 (N.D. Ill. Dec. 19, 2006) (certifying a class of "all persons who ... were charged a 'transaction fee'" in connection with the use of certain ATMs). This is because the determination as to whether a particular electronic fund transfer was subject to Defendant's illegal fee (or, again, made by a consumer who was not

4

a banking customer of Defendant) requires no merits inquiry whatsoever. The information is readily available from Defendant's records of transactions at the subject ATMs. No inquiry into the merits of Plaintiff's claim, nor those of the putative class members, is required to determine class membership.

Furthermore, if Defendant's argument were accepted, it would be impossible to certify a class of persons injured by EFTA violations. The putative class members in the instant action are joined only by the two facts present in the class definition, i.e., their use of Defendant's ATMs and the fact that they were charged a fee for that use. If either of those facts required a merits-based inquiry, as Defendant suggests, then there would be no way to identify the class of persons injured by Defendant's EFTA violations.[4] While this is likely the outcome that Defendant intends, it conveniently ignores the fact that the United States Congress intended that the EFTA be enforced on a class-wide basis. *See* 15 U.S.C. § 1693m(a). Defendant's position, if accepted, would circumvent Congress's intent that EFTA violations be rectified through class adjudication.

### III. PLAINTIFF HAS ADEQUATELY PLED NUMEROSITY UNDER RULE 23.

Defendant's second contention, that the Complaint "does not support an allegation that the numerosity requirement for class action is met[,]" inartfully confuses Plaintiff's pleading burden with his burden of proof on the elements of Federal Rule 23(a). (*See* Motion, p. 7 ("The Plaintiff has the burden to show the size of the class.").) At this early

---

[4] It is also important to note that EFTA is a strict liability statute. *See Bisbey v. D.C. National Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986). Thus, an EFTA claim has only two elements—the imposition of a fee and absences of the statutorily required notice—and those elements are factual and require no further legal inquiry. Proof of an EFTA claim is different, therefore, than a common law claim in which facts must be shown to fit a particular legal construct to make out the elements of the claim. Under the EFTA, the facts are the elements of the claim.

stage, all Plaintiff must do is allege facts showing that Rule 23(a)'s requirements are facially plausible. *Bell Atlantic Corp*, 550 U.S. at 570. Plaintiff has done so.

Plaintiff has alleged that the membership of the proposed class is so great that joinder of all individual members in one action would be impracticable. (Amended Complaint, ¶ 21.) Plaintiff has further alleged that there are, at minimum, thousands of class members, and that those members can be identified through Defendant's records. (*Id.*, ¶¶ 22-23.) Although Defendant disputes these allegations, it is difficult to conceive of how Plaintiff could more specifically allege numerosity in a class composed of all non-customer users of Defendant's ATMs. There can be little question that Plaintiff has met its pleading burden.

### IV.   PLAINTIFF HAS ADEQUATELY PLED THAT QUESTIONS OF LAW OR FACT PREDOMINATE.

Defendant's third contention, that Plaintiff has not adequately pled that questions of law or fact predominate over individual questions in the instant, again attempts to impose a greater pleading burden on Plaintiff than exists at this stage of the litigation. Plaintiff has pled that Defendant violated the EFTA by charging Plaintiff and the putative class fees in connection with host transfer services without providing the statutorily required notice for an entire year. (Amended Complaint, ¶¶ 35-37.) Plaintiff further articulated the following questions of law and fact that are common to the class:

    a. Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendant was, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

    b. Whether Defendant complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

      c. Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendant's acts and conduct.

(*Id.* at ¶ 28.) These allegations are sufficient to meet Plaintiff's burden of pleading that questions of law or fact predominate.

Defendant argues that each individual class member will be required to demonstrate that the statutorily required notice was absent from the ATMs in question at the time that the class member conducted his or her electronic fund transfer, and that this individualized inquiry will "overwhelm and predominate the action." (Motion, p. 9.) Defendant's argument is unpersuasive for two reasons. First, Defendant incorrectly assumes that its failure to provide the statutorily required notice can only be proven by the direct testimony of each individual class member. The finder of fact can, however, draw an inference of Defendant's failure to provide the notice based on Defendant's lack of a compliance program, failure to follow appropriate compliance procedures, or even evidence illustrating that Defendant failed to post the required notice at different times throughout the class period. Second, and more importantly, Defendant's argument again ignores the inconvenient fact that the United States Congress intended that the EFTA be enforced through use of the class action device. *See* 15 U.S.C. § 1693m(a). Defendant's contrived individualized fact issues are present in every EFTA litigation. If they were sufficient to defeat certification, and they are not, Congress's intent that EFTA violations be rectified through class adjudication would be circumvented.

    **V.**   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied.

July 26, 2011								Respectfully submitted,

								*/s/ W. David Carter*
								W. David Carter - TSB No. 85025
								MERCY ✶ CARTER ✶ TIDWELL, L.L.P.
								1724 Galleria Oaks Drive
								Texarkana, Texas 75503
								(903) 794-9419 - Telephone
								(903) 794-1268 - Facsimile
								wdcarter@texarkanalawyers.com

								ATTORNEYS FOR PLAINTIFF NICHOLAS
								PAVLE, INDIVIDUALLY AND ON BEHALF OF ALL
								OTHERS SIMILARLY SITUATED


<u>CERTIFICATE OF SERVICE</u>

I, W. David Carter, hereby certify that on this 26th day of July, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a true and correct copy was served via electronic means as listed on the Court's ECF Noticing System to the following:

Mr. Randall L. Rouse
Lynch, Chappell & Alsup, P.C.
300 North Marienfeld, Suite 700
Midland, Texas 79701

								*/s/ W. David Carter*